```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SYLVESTER DZIENNIK, MIECZYSLAW              :
KIERSZTYN, FERDYNAND KOBIEROWSKI,           :
individually and on behalf of all persons   :
similarly situated,                         :
                                            :
                    Plaintiffs,             :       MEMORANDUM AND ORDER
                                            :       05-CV-4659 (DLI)(MDG)
        -against-                           :
                                            :
SEALIFT, INC., FORTUNE MARITIME,            :
INC., SAGAMORE SHIPPING, INC.,              :
VICTORY MARITIME, INC.,                     :
                                            :
                    Defendants.             :
-----------------------------------------------------------------x
MIECZYSLAW KIERSTIN,                        :
                                            :
                    Plaintiff,              :
                                            :
        -against-                           :
                                            :       06-CV-5305 (DLI)(MDG)
M/V ADVANTAGE,                              :
                                            :
                    Defendant.              :
-----------------------------------------------------------------x
JOSEF FELSKOWSKI,                           :
                                            :
                    Plaintiff,              :
                                            :
        -against-                           :
                                            :       04-CV-1244 (DLI)(MDG)
SEALIFT, INC., SAGAMORE                     :
SHIPPING, INC.,                             :
                                            :
                    Defendants.             :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Sylvester Dziennik, Mieczyslaw Kiersztyn, and Ferdynand Kobierowski, individually and on behalf of all persons similarly situated (collectively, "Class Plaintiffs"), bring this class action against defendants Sealift, Inc. ("Sealift"), Fortune Maritime Inc., Sagamore

Shipping, Inc. ("Sagamore"), and Victory Maritime, Inc. (collectively, "Defendants") for violations of federal maritime law. Plaintiff Josef Felskowski (collectively with Class Plaintiffs, "Plaintiffs") brings his individual action against defendants Sealift and Sagamore seeking the same relief.

On June 1, 2010, the Court granted Defendants leave to renew their summary judgment motion on laches grounds and Plaintiffs were granted permission to file a motion regarding the analogous statute of limitations to apply for laches purposes. (*See* June 1, 2010 Order.)[1] Thereafter, the parties filed various pleadings. One year later, the Court discovered that it had not considered certain pleadings because of a miscommunication concerning the manner of filing. Accordingly, on September 18, 2012, the Court ordered the parties to file "cross-summary judgment motions as to laches as stand-alone motions, rather than the court sifting through the voluminous motions previously made." (*See* September 18, 2012 Order.)

On October 22, 2012, the parties re-filed additional pleadings regarding the laches issue. (*See* Defendants' Supplemental Mot. for Summ. J. on Laches, Docket Entry No. 183; Plaintiffs' Supplemental Mot. for Summ. J. on Laches ("Supplemental Motion"), Docket Entry No. 184.) On September 30, 2013, the Court ruled on these summary judgment motions and held that genuine issues of material fact remain as to the defense of laches and that the applicable analogous statute of limitations is three years, pursuant to CPLR § 214(2). (*See* Memorandum and Order ("September 30 Order"), Docket Entry No. 204.)

On March 3, 2014, Plaintiffs filed a motion for reconsideration of the Court's September 30 Order, pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Plaintiffs' Motion for Reconsideration ("Pls. Mot. for Recons."), Docket Entry No. 218, at 2.) Plaintiffs argue that the

---

[1] Unless otherwise specified, all docket entry citations are to the lead case, *Dziennik v. Sealift, et al.*, 05-cv-4659 (DLI)(MDG).

Court failed to "address and resolve the issue of the 'continuous violations' doctrine a/k/a 'continuous tort' doctrine which Plaintiffs addressed in their Memorandum [Doc. Entry 143] which was incorporated by reference in the Plaintiffs' <u>Supplemental</u> Motion of Law at [Docket Entry 184-1]." (Pls. Mot. for Recons. at 2 (emphasis in original).) Defendants oppose this motion and contend that "Plaintiffs' motion should be denied because it is untimely, fails to meet the standards for granting a motion for reconsideration, and would fail on the merits." (Defendants' Opposition to Plaintiffs' Motion for Reconsideration ("Defs. Mot."), Docket Entry No. 219, at 2.) The Court finds that Plaintiffs' motion is untimely, and furthermore does not warrant relief under Rule 60, which is limited to extraordinary circumstances. Plaintiffs' motion is denied in its entirety.

## DISCUSSION

### I. Timeliness

This Order is written for the benefit of the parties and familiarity with the underlying facts and issues is presumed.[2] Defendants contend that Plaintiffs' motion for reconsideration is untimely pursuant to Local Rule 6.3. (Defs. Mot. at 2). Local Rule 6.3 provides that motions for reconsideration must be served within fourteen days after the entry of a court order. E.D.N.Y Local Civ. R. 6.3. The Court's Order was issued on September 30, 2013. Plaintiffs' motion for reconsideration was filed on March 3, 2014. As several months passed before Plaintiffs served their motion for reconsideration, Plaintiffs' motion would be untimely if brought pursuant to Local Rule 6.3. However, Plaintiffs' brought their motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, which provides that such motions "must be made within a reasonable time" or, for motions made under certain subsections of Rule 60, "no more

---

[2] For a more detailed description of the class action, see *Dziennik v. Sealift*, 2007 WL 1580080 (E.D.N.Y. May 29, 2007), granting class certification.

than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1). Moreover, "[a]n untimely motion for reconsideration [pursuant to Local Civil Rule 6.3] is treated as a Rule 60(b) motion." *Manney v. Intergroove Tontrager Vertriebs GMBH*, 2012 WL 4483092, at *1 n.2 (E.D.N.Y. Sept. 28, 2012) (quoting *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010)).

In making a reasonableness assessment, a court properly "scrutinize[s] the particular circumstances of the case, and balance[s] the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (applying reasonableness inquiry in Rule 60(b)(6) context). In the instant case, the Court finds that Plaintiffs' motion for reconsideration was not made within a reasonable time, as it was filed almost six months after the Court issued its decision. Notwithstanding Plaintiffs' failure to file this motion in a timely fashion, the Court will nonetheless consider it.

## II. Applicable Law

Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for other reason that justifies relief. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.,* 70 F.3d 255, 257 (2d Cir.1995); s*ee also Jowers v. Family Dollar Stores*, 455 Fed. Appx. 100, 101 (2d Cir. 2012). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369

(S.D.N.Y.2010) (citation and internal quotation marks omitted).  Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion.  *Id.*; *United States v. Gross,* 2002 WL 32096592, at *4 (E.D.N.Y. Dec.5, 2002).  Nor is it proper to raise new arguments and issues.  *Gross,* 2002 WL 32096592 at *4.

The Second Circuit has further instructed that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).  The Second Circuit has further cautioned that such a form of relief is disfavored and should be "used sparingly."  *De Curtis v. Ferrandina*, 529 Fed. Appx. 85, 86 (2d Cir. 2013).  Moreover, whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal citation omitted).

### III.  Merits

The instant motion does not specify which provision of Rule 60(b) under which Defendants seek relief; however, the most likely candidate is subsection (1), which provides relief for "mistake, inadvertence, surprise, or excusable neglect."  Defendants effectively contend that this Court made a mistake by not discussing the "continuous tort" doctrine in its September 30 Order.  Even though Plaintiffs claim to raise a matter that the Court "overlooked," they in fact raise an argument not previously made to the Court in the relevant motion.

Plaintiffs did not raise the "continuous tort" doctrine in their Supplemental Motion for summary judgment on the issue of laches at Docket Entry 184, which the Court decided in its September 30 Order.  Instead, Plaintiffs note that in their Supplemental Motion, they "listed all prior documents incorporated by reference."  (Pls. Mot. for Recons at 4.)  Among these six

5

documents supposedly incorporated by reference is Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment on the Grounds of laches (Docket Entry No. 143), which addresses, *inter alia*, the "continuous tort doctrine." (*See* Pls. Mot. for Recons. at 4.) Defendants respond by noting, "Although plaintiffs did indeed, in Docket Entry 184[,] . . . list Docket Entry 143 as one of the documents 'relevant to the Plaintiffs' Cross-Motion,' nowhere in the [Supplemental Motion] did they incorporate the 'continuous tort' argument or make any reference to it whatsoever." (Def. Opp. at 4.) The Court agrees.

While Plaintiffs argue that the Court overlooked their "continuous tort" argument, this argument was not squarely before the Court, because Plaintiffs failed to present it within the appropriate briefing. It was incumbent upon Plaintiffs to present their "continuous tort" argument in their Supplemental Motion and not rely upon previous briefings alone or upon a motion for reconsideration. This conclusion is further supported by the surrounding circumstances. First, Plaintiffs' current contention that their reference to "relevant" documents incorporates all previous arguments within the referenced documents is contrary to the very purpose of the supplemental briefing as ordered by the Court. As noted above, the supplemental motions as to laches that preceded the September 30 Order were intended to be "stand-alone motions" in order for the Court to avoid "sifting through the voluminous motions previously made." (*See* Order dated September 18, 2012.) Plaintiffs' current complaint presupposes that the Court should have done just that.

Second, the parties' previous description of the anticipated supplemental briefing does not accord with Plaintiffs' current argument. On September 27, 2012, the parties submitted a letter to the Court in response to the Court's order directing the parties to file supplemental briefings as stand-alone motions. (September 27, 2012 Letter, Docket Entry No. 180.) In that

6

letter, the parties "propose to simultaneously file short Supplemental Memoranda of Law wherein each party can cite any new law or changes to authorities previously cited, or state that it relies on the law and authorities it previously submitted." (*Id.* at 2.) Nowhere in their resulting Supplemental Motion do Plaintiffs even mention their previously made "continuous tort" argument, much less whether they are relying on previously cited case law or new law.

Plaintiffs may not use a motion for reconsideration to redress their own failure to present available arguments. *See Chuan-Guo Xiao v. Continuum Health Partners, Inc.*, 2002 WL 31760213, at *3 (S.D.N.Y. Dec. 9, 2002) ("Although a party seeking reconsideration may advert to controlling decisions or factual matters that were before the court on the underlying motion, the party may neither put forth new facts, issues or arguments that were not presented to the court on that motion . . . ."). Moreover, Plaintiffs fail to note a single exceptional circumstance that justifies relief under Rule 60. *See SBC 2010-1, LLC v. Morton*, 552 Fed. Appx. 9, 11 (2d Cir. 2013) ("Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (internal citation omitted)).

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2015

                                      /s/
                              DORA L. IRIZARRY
                         United States District Judge