UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SYLVESTER DZIENNIK; MIECZYSLAW
KIERSZTYN; FERDYNAND KOBIEROSKI,
individually and on behalf of all persons similarly
situated,

                     Plaintiffs,

                   -against-             **SUMMARY ORDER**
                                          05-CV-4659 (DLI)(JO)

SEALIFT, INC.; SEALIFT HOLDINGS, INC.;
FORTUNE MARITIME, INC.; SAGAMORE
SHIPPING, INC.; VICTORY MARITIME, INC.,

                     Defendants.
------------------------------------------------------------x
JOSEF FELSKOWSKI,
                                          04-CV-1244 (DLI)(JO)

                     Plaintiff,

                   -against-

SEALIFT, INC.; SAGAMORE SHIPPING, INC.,

                   Defendants.
------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

       On May 11, 2017, Sylvester Dziennik, Mieczyslaw Kiersztyn, and Ferdinand Kobieroski (together, "Class Plaintiffs"), moved for an order increasing the $33,000,000 security and liens against various vessels and an escrow account owned by defendants, as set by an Order dated May 10, 2013. *See* Mot. to Amend Order, Dkt. Entry No. 243; Memo. of Law in Support of Motion to Increase Security ("Pls.' Mem."), Dkt. Entry No. 244; Order dated May 10, 2013 ("May 10th Order"), Dkt. Entry No. 193.[1] Defendants Sealift, Inc.; Sealift Holdings, Inc.; Fortune Maritime, Inc.; Sagamore Shipping, Inc.; and Victory Maritime, Inc. ("Defendants") oppose Class Plaintiffs'

---

[1] Unless otherwise specified, all docket entry citations are to the lead case, *Dziennik v. Sealift*, 05-CV-4659 (DLI) (JO).

motion, and have cross-moved to decrease the security and liens. *See* Defs.' Cross Mot. to Amend Order, Dkt Entry No. 245; Defs.' Mem. of Law in Opp'n to Pls.' Mot. and in Support of Cross-Mot. to Amend Order ("Defs.' Mem."), Dkt. Entry No. 246. For the reasons set forth below, Plaintiffs' motion and Defendants' cross-motion are denied.

**DISCUSSION**

Familiarity with the facts and procedural history of this case is presumed.[2] The May 10th Order set out two criteria for revising the amount of the security and liens secured in this action:

> It is further ORDERED that: If: a) it becomes necessary for Defendants to sell the MAJ. Bernard F. Fisher, the TSGT JOHN A. CHAPMAN or the SS SAGAMORE; or b) a further Order, Decision or Ruling of the Court indicates that Plaintiffs' claims, fairly stated, may entitle them to liens significantly less than, or significantly greater than $33,000,000, Plaintiffs or Defendants may apply to the Court to apply the Notices of Claims of Liens to different or additional vessels in Defendants' fleet, or to increase or to decrease the amounts stated in the Notices of Claims of Liens.

May 10th Order at ¶ 7.

Class Plaintiffs' opening brief contends that the Court's May 4, 2017 Order ("May 4th Order"), which transferred a $3 million lien from the SS ADVANTAGE to the CAPT DAVID I LYON, after the inadvertent sale of the SS ADVANTAGE, justifies their motion. *See* Pls.' Mem. at 5 (citing Order dated May 4, 2017, Dkt. Entry No. 242). In opposition, Defendants argue that the May 4th Order does not justify adjusting the security and liens, but they also argue that the Court's September 30, 2013 Memorandum and Order ("September 30th Order") denying Defendants' summary judgment motion on the ground of laches and determining the applicable laches period and burdens of proof warrants decreasing the security and liens. *See* Defs.' Mem. at 1, 13-15; *Dziennik v. Sealift, Inc.*, 2013 WL 5502916, at *1 (Sept. 30, 2013). In reply, Class

---

[2] For a more detailed description of the class action, see *Dziennik v. Sealift*, 2007 WL 1580080 (E.D.N.Y. May 29, 2007), granting class certification.

Plaintiffs join Defendants' position that the September 30, 2013 Memorandum and Order justifies adjusting the security and liens. *See* Pls.' Reply Mem. of Law in Support of Mot. to Amend Order and in Opp'n to Cross-Mot. to Amend Order ("Pls.' Reply"), Dkt. Entry No. 247, at 6.

The Court is not persuaded that either the May 4th Order or the September 30th Order "indicates that Plaintiffs' claims . . . may entitle them to liens significantly less than, or significantly more than $33,000,000." The May 4th Order simply permitted the transfer of a lien against an inadvertently sold vessel to a new vessel in Defendants' fleet, an action that the Court has routinely permitted. *See* May 4th Order, at 2 (noting two previous transfers of liens). The Order did not change in any way the value of Class Plaintiffs' claims. While the September 30th Order determined which period applied for the defense of laches, the Court held that "[g]enuine issues of material fact remain as to the defense of laches," and did not determine whether the parties met their respective burdens under the doctrine of laches. *Dziennik*, 2013 WL 5502916, at *11. Accordingly, absent a decision on whether the doctrine of laches applies, the Court cannot conclude that Class Plaintiffs' claims entitle them to significantly more or less than $33,000,000.

The Court is equally unpersuaded by Class Plaintiffs' contention that the security and liens should be increased because of accumulated prejudgment interest. *See* Pls.' Mem. at 5. As Class Plaintiffs acknowledge, awarding prejudgment interest is "ultimately within the discretion of the court." *Id.* at 8; *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 372 (2d Cir. 1995) ("[I]t is well established in this Circuit that the allowance of prejudgment interest in admiralty is a matter committed to the district court's discretion."). The Court has not issued any "Order, Decision or Ruling" determining the applicability of prejudgment interest or the applicable rate of any prejudgment interest.

Finally, the Court is not convinced that Defendants are entitled to transfer the liens against the escrow account to Defendants' vessels, the SSG EDWARD A. CARTER JR. and the LTC JOHN U.D. PAGE. Defs.' Mem. at 15-16. Notably, the Court denied Defendants' previous request for this relief in its May 10th Order, and Defendants have offered no additional justification for revisiting that decision at this juncture. Accordingly, the Court finds no reason to adjust the security and liens as currently in place. Class Plaintiffs' motion to increase the security and liens, and Defendants' cross-motion to decrease the security and liens, or transfer the liens against the escrow account to other vessels, are both denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2018

/s/
Dora L. Irizarry
Chief Judge