UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SYLVESTER DZIENNIK, MIECZYSLAW
KIERSZTYN, FERDYNAND KOBIEROSKI,
individually and on behalf of all persons
similarly situated,

                Plaintiffs,

        - against -

SEALIFT, INC., SEALIFT HOLDINGS, INC.,
FORTUNE MARITIME INC., SAGAMORE
SHIPPING INC., VICTORY MARITIME, INC.,

                Defendants.

**MEMORANDUM & ORDER**
**05-cv-4659(DLI)(JRC)**

-----------------------------------------------------------------x
JOSEF FELSKOWSKI,

                Plaintiff,

        - against -

SEALIFT, INC., SAGAMORE SHIPPING INC.,

                Defendants.

**MEMORANDUM & ORDER**
**04-cv-1244(DLI)(JRC)**

-----------------------------------------------------------------x
MIECZYSLAW KIERSTIN,

                Plaintiff,

        - against -

M/V ADVANTAGE, ET. AL.,

                Defendants.

**MEMORANDUM & ORDER**
**06-cv-5305(DLI)(JRC)**

-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

        Familiarity with the facts and procedural history of this maritime wage labor dispute is assumed. At the pretrial conference held on May 31, 2023, the Court directed the parties to submit a revised joint pretrial order ("JPTO") setting forth any objections to the witnesses' depositions or

the parties' exhibits to be utilized in connection with the bench trial to be held as to the Polish seafarers' claims. *See*, Minute Entry dated May 31, 2023. The revised JPTO filed by the parties on July 14, 2023 largely complies with the Court's Individual Rules. *See*, JPTO, Dkt. Entry No. 289. However, the parties' stipulations, for the most part, regurgitate the Court's previous rulings (*i.e.*, the law of the case), which they were instructed previously not to do. *Id. at 11-13*. Accordingly, these are not proper stipulations. This Memorandum and Order addresses remaining objections.

**I.     Highest Rates of Pay**

The parties have stipulated to the Highest Rates of Pay ("HROP"). *See*, JPTO at 13-13. Thus, it appears that the main issue for the Court to decide at the bench trial is the issue of laches because, as the parties indicate, the HROP correlates to the Polish seafarers' damages, subject to reduction by laches.

**II.    Defendants' Objections**

The parties intend on utilizing the same witnesses, including all but one of the same exhibits, an expert report from Mariusz Lenckowski ("expert report") that Plaintiff intends to use. *Id*. at 14-22. Plaintiffs did not provide any objections to the exhibits or witness depositions. Defendants object to certain aspects of witness depositions on relevance grounds and the expert report regarding the HROP. *See*, Objection Appendix to JPTO, Dkt. Entry No. 289-1. These objections are ruled on below.

**A.     Witness Deposition Objections**

The Objection Appendix contains multiple pages of testimony for several witnesses, yet Defendants do not specify the basis for some of their objections. *Id*. at 2-4. Despite Defendants' shortcoming, the Court examined all the identified testimony for admissibility. On August 31,

2023, the Court directed the parties to provide more information about Defendants' objections to certain aspects of Mariusz Lenckowski's testimony relating to his expert report and the parties' HROP stipulation. *See*, Electronic Order dated August 31, 2023. The parties clarified their positions with the Court. *See*, Clarification Letters, Dkt. Entry Nos. 291, 292. The following tables set forth the Court's rulings on the various witness objections.

### 1. Sylvester Dziennik's Testimony

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 8:2 – 11:25 | Relevance | **Overruled - Admissible**: relevant to the witness's recollection about when and where he was working during a period covered by the lawsuit, as well as him having a Seaman's book. |
| 13:9 – 26:25 | Relevance | **Sustained in part, overruled in part**:<br>- **13:9 to 13:14 – admissible**: relevant because it identifies when the witness stopped working.<br>- **13:15 to 13:22 – inadmissible**: irrelevant to the issues before the Court for trial.<br>- **13:23 to 26:25 – admissible**: relevant to his training, experience, employment history, seaman's book, and credibility. |
| 31:8 – 33:8 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about when and where he was working during a period covered by the lawsuit, as well as the accuracy of his Seaman's book. |
| 35:3 – 36:8 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about when and where he was working during a period covered by the lawsuit and connection to Sealift. |
| 41:14 – 45:8 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about his work environment and where he was working during a period covered by the lawsuit. |
| 55:2 – 61:21 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about his work environment, contract, and where he was working during a period covered by the lawsuit. |
| 65:2 – 65:10 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about his work and where he was working during a period covered by the lawsuit. |

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 65:15 – 65:25 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about his work and where he was working during a period covered by the lawsuit. |
| 66:2 – 66:10 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about his work and relates to where he was working during a period covered by the lawsuit. |
| 78:6 – 80:11 | No Objection Provided | **Admissible**: relevant to the witness's employment history and connection to Sealift. |
| 93:21 – 95:16 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about his work and connection to Sealift during a period covered by the lawsuit. |
| 99:12 – 124:17 | Relevance | **Overruled – Admissible**: relevant to the witness's recollection about when and where he was working during a period covered by the lawsuit, his Seaman's Book, his connection to Sealift, and his agreed upon pay. |
| 136:14 – 140:25 | Relevance | **Sustained – Inadmissible**: the testimony involves the witness's duty as a class representative and duties therein, which is irrelevant to the issues before the Court for trial. |

### 2. Mieczyslaw Kiersztyn's Testimony

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 6:25 – 8:23 | Relevance | **Sustained – Inadmissible**: irrelevant because the testimony simply involves where the witness lived, which is irrelevant to the issues before the Court for trial. |
| 10:3 – 11:4 | Relevance | **Sustained in part, overruled in part:**<br>- **9:25 to 10:3 – Admissible**: relevant to the witness's connection to Poland.<br>- **10:4 to 10:24 – Inadmissible**: it discusses the witness's dependents, which is irrelevant to the issues before the Court for trial.<br>- **10:25 to 11:2 – Admissible**: relevant to his work history and skills, which explain what kind of role he could have undertaken with Defendants.<br>- **11:3 to 11:4 – Inadmissible**: it discusses the witness's father's occupation, which is irrelevant to the issues before the Court. |

4

| | | |
|---|---|---|
| 12:25 – 22:23 | Relevance | **Overruled – Admissible**: relates to when the witness worked for Sealift and retired, describes his background, contributes to credibility. |
| 23:23 – 37:20 | Relevance | **Overruled – Admissible**: relevant to his training, experience, employment history, and credibility. |
| 38:22 – 50:19 | Relevance | **Overruled – Admissible:** relevant to his experience, employment history, his knowledge and involvement with the seafaring industry, and his lack of recognition to a document that relates to the witness's claim for higher wages. |
| 57:8 – 67:12 | Relevance | **Overruled – Admissible:** relevant to his experience, employment history, and knowledge and involvement with the seafaring industry. |
| 68:7 – 85:15 | Relevance | **Overruled – Admissible:** relevant to his employment history, assignments, and the accuracy of his seaman's book. |
| 86:2 – 86:15 | No Objection Provided | **Admissible:** relevant to his experience and provides background for how he became employed. |
| 93:17 – 103:24 | Relevance | **Overruled – Admissible:** relevant to his employment history |
| 104:5 – 105:25 | Relevance | **Overruled – Admissible:** relevant to his employment history |
| 134:19 – 137:9 | No Objection Provided | **Sustained – Inadmissible:** irrelevant because the parties have stipulated to the proper HROP. |
| 140:2 – 142:10 | Relevance | **Overruled – Admissible:** relevant to his employment history and assignments. |
| 147:7 – 159:2 | Relevance | **Overruled – Admissible:** relevant to his employment history and length of assignment. |
| 168:9 – 171:3 | Relevance | **Sustained in part, Overruled in part:**<br>- **168:9 to 168:14 – inadmissible:** irrelevant because the parties have stipulated to the HROP.<br>- **168:15 to 171:3 – admissible**: relevant to his employment history and when he was working. |
| 172:25 – 186:16 | Relevance | **Sustained in part, overruled in part:**<br>- **172:25 to 175:3 – admissible:** relevant to his employment history and when he became disabled, thus being unable to work.<br>- **175:4 to 182:12 – inadmissible:** irrelevant discussion between the attorneys.<br>- **182:13 to 186:16 – admissible:** relevant to his employment history. |

5

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 189:2 – 198:15 | Relevance | **Sustained – Inadmissible**: discusses the witness's duty as a class representative and duties therein, which is irrelevant to the issues before the Court for trial. |
| 199:12 – 208:4 | Relevance | **Sustained in part, overruled in part**:<br>- **199:12 to 200:12 – inadmissible**: irrelevant to the issues at trial because it involves Filipino class members and discovery for them.<br>- **200:13 to 202:9 – admissible**: relevant to the witness's employment history.<br>- **202:10 to 207:6 – inadmissible**: irrelevant to the issues to be decided at trial because it is about an unrelated lawsuit in Texas.<br>- **207:7 to 208:4 – admissible**: relevant to the witness's employment history. |
| 210:12 – 235:20 | Relevance | **Sustained in part, overruled in part**:<br>- **210:12 to 216:25 – inadmissible**: irrelevant to the issues at trial since involves documents for an unrelated personal injury case and knowing the other named plaintiffs<br>- **216:26 to 223:25 – admissible**: relevant because it relates to the witness's Seaman's book.<br>- **224:1 to 224:13 – inadmissible**: it is an attorney statement, which is both irrelevant and inadmissible.<br>- **224:14 to 225:19 – admissible**: relevant to the witness's employment history and connection to Sealift.<br>- **225:20 to 233:7 – inadmissible**: irrelevant to the issues at trial since involves an unrelated personal injury case.<br>- **233:8 to 235:20 – admissible**: relevant because it relates to the witness's employment history and Seaman's book. |

3. **Ferdynand Kobierowski's Testimony**

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 9:15 – 19:6 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, training and experience, the accuracy of the witness's seaman's book, and credibility. |
| 21:13 – 28:20 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, training and experience, the accuracy of the witness's seaman's book, and credibility. |

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 30:6 – 47:25 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, training and experience, the accuracy of the witness's seaman book, and credibility. |
| 53:13 – 55:15 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, experience, credibility, and involves a time period covered by the lawsuit. |
| 62:16 – 64:7 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, experience, credibility, and involves a time period covered by the lawsuit. |
| 77:25 – 82:17 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, experience, credibility, and involves a time period covered by the lawsuit. |
| 86:6 – 91:6 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, experience, credibility, and involves a time period covered by the lawsuit. |
| 99:7 – 101:17 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, documentation regarding work, credibility, and involves a time period covered by the lawsuit. |
| 102:3 to 104:18 | Relevance | **Overruled – admissible**: relevant to the witness's employment history, disability and corresponding wages, credibility, and involves a time period covered by the lawsuit. |

### 4. Josef Felskowski's Testimony

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 6:3 – 8:19 | Relevance | **Sustained in part, overruled in part:**<br>- **6:3 to 7:11 – Inadmissible**: irrelevant to the issues at trial since this testimony is about his early childhood education<br>- **7:12 to 8:19 – Admissible**: relevant to his training, experience, and credibility. |
| 18:7 – 18:16 | Relevance | **Sustained – Inadmissible**: irrelevant because the use of this tool plays no role in deciding the issues before the Court at trial. |
| 19:15 – 20:25 | Relevance | **Overruled – Admissible**: relevant to his background, experience, and training. |

7

| | | |
|---|---|---|
| 37:21 – 38:7 | Relevance | **Overruled – Admissible**: relevant to his employment history and experience. |
| 41:2 – 42:11 | Relevance | **Overruled – Admissible**: relevant to his employment history and experience. |
| 43:2 – 44:24 | Relevance | **Overruled – Admissible**: relevant to his employment history and experience. |
| 48:2 – 48:23 | Relevance | **Overruled – Admissible**: relevant to his employment history and experience. |
| 53:23 – 54:7 | Relevance | **Overruled – Admissible**: relevant to his employment history and experience. |
| 54:24 – 58:2 | Relevance | **Overruled – Admissible**: relevant to his employment history and experience, and it discusses time periods that are related to this lawsuit. |
| 99:17 – 100:8 | Relevance | **Overruled – Admissible**: relevant to the witness's employment history, disability and corresponding wages, credibility, and involves a time period covered by the lawsuit. |
| 114:18 – 118:22<br>120:2 – 123:17<br>123:24 – 125:7<br>125:11 – 126:22<br>127:2 – 127:11<br>128:6 – 128:15<br>129:2 – 129:8 | No Objection Provided | **Admissible:**<br>- **114:18 to 117:3**: relates to his employment with Sealift<br>- **120:2 to 123:17**: relates to his employment with Sealift<br>- **123:24 to 125:7**: relates to his employment with Sealift<br>- **125:11 to 126:22**: relates to his employment with Sealift and when the issue of compensation was raised with Sealift.<br>- **128:6 to 128:15**: relates to the witness's understanding about the compensation he would receive from Sealift.<br>- **129:2 to 129:8**: relates to the witness's understanding about the compensation he would receive from Sealift and the compensation he in fact received.<br><br>**Inadmissible:**<br>- **117:4 to 118:22**: irrelevant and inadmissible because it is simply attorney statements.<br>- **127:2 to 127:11**: irrelevant and inadmissible since the letter concerns a percentage of loss and the parties have stipulated to the HROP. |

### 5. Mariusz Lenckowski's Testimony

| Deposition Line | Defendant's Objection | Court's Ruling |
|---|---|---|
| 14:9 – 15:1 | Relevance – Expert report re: HROP irrelevant because damages are stipulated | **Sustained – Irrelevant**: The parties have stipulated to the applicable highest rates of pay. |
| 23:19 – 33:23 | Relevance | **Overruled – Admissible**: relevant to establishing background about those working during the class period since he is the crew department director, the seaman having proper papers, and establishing a connection to Sealift for the Polish Seafarers, among other reasons. |
| 34:7 – 35:8 | Relevance | **Sustained – Irrelevant**: The parties have stipulated to the applicable wages. |
| 36:10 – 37-17 | Relevance | **Sustained – Irrelevant**: The parties have stipulated to the applicable wages. |
| 40:19-22 | No Objection Provided | **Admissible**: it relates to Sealift's operations and vessel classification, and Defendant did not object to other testimony that relates to its classification. |
| 47:2 – 48:13 | Relevance – Expert report on HROP is irrelevant because damages are stipulated | **Sustained – Irrelevant**: The parties have stipulated to the applicable wages, which is the highest rates of pay. |
| 55:1 – 59:23 | Relevance | **Overruled – Admissible**: relevant to establishing a connection to Sealift and the duties and responsibilities of the Polish Seafarers. |
| 60:7 – 67:3 | Relevance | **Sustained in part and overruled in part**:<br>- **60:7 to 64:8 – Admissible**: relevant to establishing a connection to Sealift, whether the seafarers had Polish seamen's books, and their employment.<br>- **64:9 to 67:3 – Inadmissible**: irrelevant because the parties have stipulated to the applicable wages. |
| 71:25 – 78:4 | Relevance | **Overruled – Admissible**: relevant to establishing a connection to Sealift and their employment on U.S. Flagged ships. |
| 79:9 – 79:15 | Relevance | **Overruled – Admissible**: relevant to establishing a connection to Sealift and their employment on U.S. Flagged ships. |

| 80:25 – 81:8 | Relevance | **Sustained – Inadmissible**: The testimony is irrelevant because the parties have stipulated to the applicable wages. |
|---|---|---|
| 84:4 – 84:22 | Relevance | **Sustained – Inadmissible**: The testimony is irrelevant to the issues being decided by the Court. |

### B.   Objection to Expert Report

Finally, Defendants object to the expert report contending it is irrelevant because the parties have stipulated to the HROP.  As noted above, the Court finds the testimony related to the HROP inadmissible as irrelevant, based upon the parties' stipulation.

### CONCLUSION

For the reasons set forth above, Defendants' objections to the witness depositions and expert report are granted in part and denied in part.

SO ORDERED.

Dated: Brooklyn, New York
       September 12, 2023

/s/
DORA L. IRIZARRY
United States District Judge
